It was contended by the Commissioners that the county's share and cost of the improvement was determined and fixed when the agreement was originally entered into, on which bonds were sold for $114,000 and that any modification of the first contract calling for expenditures in excess thereof should have been entered into with the same formalities as provided by 8863 GC., et seq. and as required in the original contract; and that the county did not have lawful authority to issue further bonds for the reason that money necessary to pay the increased cost was not provided by bond issue. The District Court rendered judgment in favor of Davis. Error was prosecuted and the Circuit Court of Appeals held:

1. The only limitation upon the plenary power of the Commissioners conferred by 8863 GC., et seq., to eliminate grade crossings is that the county shall not be required to pay more than 35% of the total cost of the improvement.

2. The county auditor, under these sections, is not required to certify that money necessary for payment of county's share is in the treasury to the credit of the fund from which it is to be drawn.

3. To the contrary, 8870 GC. contemplates that bonds shall be issued for the purpose of raising money to pay the county's proportion or the cost after, and not before, the contracting for improvement.

4. It is claimed that modification of the original contract should have been entered into with the same formalities as required by the original contract. This was exactly what was done. The contract changing the plans of the original contract consisted of resolutions by the Commissioners accepted by the Director General.

5. Provision that such contracts shall be filed in the Common Pleas court of the county is directory only, 20 O. Cir. Ct. R. (n.s.) 47. The Common Pleas is not required to approve such contract or make an order in reference thereto. If it were the statute in this respect would probably be unconstitutional. 18 N. P. (n.s.) 29.

6. The Commissioners did not exhaust its power to issue further bonds; 8871 GC. contemplates issuing further bonds to pay county's share of compensation and damages when total amount thereof has been definitely ascertained.

Judgment affirmed.

Attorneys—Joseph Godown and John R. King for Commissioners; Wilson & Rector for Davis; all of Columbus.

---

## COMMON PLEAS COURT

No. 219

MATRE v. MATRE et

Hamilton Common Pleas

No. 197281. Decided December, 1925

791. MOTIONS—1. Power of court to strike sham pleadings from the files is limited to answers and pleas.

2. The disposition of a petition on this kind of a motion would have the effect of denying the parties a formal trial.

DARBY, J.

Anna Maitre filed her petition in the Hamilton Common Pleas against Joseph Maitre et al. to which petition he filed a motion to strike same from files for the reason that it was a sham and false pleading and filed in bad faith.

Upon hearing of the motion defendants offered to prove that in the Court of Domestic Relations the subject matter of this action was in litigation and the rights of the parties had been finally determined in such action. The Court held:

1. The defendants, in other words, seek, under their motion, to raise the plea of res judicata without setting it up formally and without trial except on such motion.

2. There is no right, either at common law or under the Code, to treat a petition as a sham.

3. That characterization has been limited to answers and pleas filed to the petition or declaration.

4. The distinguishing characteristic of a sham answer is falsity, and, to warrant applying the severe rule of striking it off the record, the matter must be shown to be unquestionably false and not pleaded in good faith.

5. If a motion of this kind could be allowed in this case, it would also be permissible in any case in which the defendant has filed a motion and affidavit of the falsity of plaintiff's petition.

6. The procedure would then be for the court to dispose of that motion on the evidence produced before it, and would result in denying parties formal trial.

7. The plea of res judicata must be set up in the answer and disposed of in proper form.

Motion overruled.

Attorneys—Thomas L. Michie, Albert R. Hoffman and J. A. Shuey for plaintiff; Franks & Franks for defendants; all of Cincinnati.